**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5080**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

LILLIAN PAIR,

             Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:07-cr-00030-DCN-1)

Submitted:  April 23, 2009            Decided:  May 18, 2009

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South
Carolina, for Appellant.  Michael Rhett DeHart, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lillian Pair pled guilty, pursuant to a plea agreement, to one count of wire fraud in violation of 18 U.S.C. § 1343 (2006). The district court sentenced Pair to seventy-two months' imprisonment, which fell within Pair's advisory guidelines range. Pair timely noted her appeal and counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In the brief, counsel suggests that the district court erred in applying a two-level vulnerable victim enhancement and that the sentence is unreasonable because the district court failed to properly consider the 18 U.S.C. § 3553(a) (2006) factors or her sentencing memorandum and argument. Pair was advised of her right to file a pro se supplemental brief, but has not filed a brief. We have reviewed the record and affirm.

In the district court, Pair failed to object to the presentence report and the two-level vulnerable victim adjustment. Accordingly, her claim is reviewed for plain error. United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir. 1993). Plain error requires Pair to establish that: (1) there was error; (2) the error was "plain;" and (3) the error affected her substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if she makes this showing, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not

2

exercise that discretion unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Young, 470 U.S. 1, 15 (1985) (internal quotations omitted)). Pair fails to establish plain error.

The U.S. Sentencing Guidelines Manual ("USSG") provides for a two-level increase to a defendant's base offense level if "the defendant knew or should have known that a victim of the offense was a vulnerable victim." USSG § 3A1.1(b)(1) (2008). A vulnerable victim is a person who is a victim of the offense and "is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1, comment. (n.2). In order to impose the two-level enhancement for a vulnerable victim, the district court must find that the victim was unusually vulnerable and that the defendant "targeted" the victim because of the victim's unusual vulnerability. United States v. Singh, 54 F.3d 1182, 1191 (4th Cir. 1995). We have reviewed the record and determine that the facts in the presentence report support the enhancement. Accordingly, Pair fails to establish that the district court committed plain error in imposing the vulnerable victim enhancement.

Pair next alleges that her sentence is unreasonable because the district court failed to sufficiently consider the

3

18 U.S.C. § 3553(a) factors or her sentencing memorandum. A district court need not robotically tick through each subsection of § 3553(a). United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Rather, in sentencing, a district court need only set forth enough information to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority. Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2469 (2007). Here, the district court stated explicitly that it had considered the advisory guidelines and the § 3553(a) factors. Moreover, nothing in the record indicates that the district court ignored or failed to consider Pair's sentencing memorandum, allocution, or argument. We accordingly discern no procedural or substantive infirmity in the sentence imposed by the district court.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Pair's conviction and sentence. This court requires that counsel inform Pair, in writing, of the right to petition the Supreme Court of the United States for further review. If Pair requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

4

representation. Counsel's motion must state that a copy thereof was served on Pair.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>